UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEON OWENS, | No. 2:16-cv-0273 TLN CKD P |
| Plaintiff, | |
| v. | ORDER |
| ELENA RAPOPORT, et al., | |
| Defendants. | |

I . Introduction

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). On March 25, 2016, the original complaint in this action was dismissed, as it appeared a portion of the pleading was "inadvertently left out" and the remaining portion did not comply with federal pleading requirements. (ECF No. 9.) This action proceeds on the amended complaint filed April 15, 2016.[1] (ECF No. 10.)

---

[1] Also on April 15, 2016, plaintiff filed a proposed supplemental complaint consisting of the original complaint, which for unknown reasons was filed with pages missing. (ECF No. 11.) Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

1

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect twenty percent of the preceding month's income credited to plaintiff's prison trust account and forward it to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II.  Screening Standard

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.

at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

III.  Discussion

A.  Allegations

Plaintiff names four defendants at California State Prison-Sacramento: psychiatrists Rapoport, Swartz, and Paizis, and Warden Virga.  (ECF No. 10 at 2.)  He alleges that, on September 24, 2012, he was brought to the Psychiatric Services Unit (PSU) and informed that defendant Rapoport was the psychiatrist for the unit.  (Id. at 3.)  Plaintiff and Rapoport "did not get along with each other, and have had problems in the past," such that plaintiff did not want to be treated by Rapoport.  (Id. at 4.)  However, Rapoport "insist[ed] on coming to talk with me against . . . my will."  (Id. at 5.)  Rapoport approached plaintiff and said, "You want a shot or do you want to go back to your cell?"  (Id. at 5-6.)  Plaintiff "respectfully told Rapoport 'I don't want to talk with you.'"  (Id. at 6.)  Rapoport informed plaintiff she was going to order Haldol, and plaintiff responded that he could not have Haldol because his medical file indicated he was allergic to it.  (Id.)

Rapoport put in an emergency involuntary medication order, per which plaintiff was administered Haldol by a non-defendant nurse.  (Id.)  Plaintiff began to experience extreme drowsiness and other effects of the drug.  (Id. at 6.)  He received medical attention, then was returned to the holding cage and told to sleep it off.  (Id. at 7.)  Plaintiff alleges that Rapoport was known for treating inmates with Haldol "for not doing what she wants them to do . . . and for other reasons that are not related to them being in a serious or emergency crisis."  (Id. at 7.)

On October 8, 2012, plaintiff was served with a copy of a Rules Violation Report (RVR) for threatening Rapoport on September 24, 2012.  (Id. at 9.)  Plaintiff notified defendant Virga of the incident on October 11, 2012.  (Id.)  At an October 22, 2012 hearing on the RVR, plaintiff was found not guilty, and the RVR was dismissed.  (Id. at 10.)

////

A hearing was set before an administrative law judge on the involuntary medication order. (Id. at 10-11.)  Shortly before the hearing, prison officials withdrew the petition "because they knew that Rapoport should not have started the order in the first place, and that the order was not medically justified."  (Id. at 11.)  The matter was dropped from calendar, and the medication was stopped.  (Id.)  From September 24, 2012 to November 28, 2012, plaintiff was "forced to take the powerful antipsychotic against his will."  (Id.)

Plaintiff alleges that Rapoport then retaliated against him by writing a letter to prison officials stating that she no longer felt safe working at the prison.  (Id. at 12-13.)   In December 2012, plaintiff wrote to defendant Virga and defendant Chief Psychiatrist Paizis about the alleged retaliation, but the latter "did not try to stop the situation."  (Id. at 13.)

At a December 4, 2012 classification hearing, Virga "put me up for transfer to the farthest prison he could (Pelican Bay State Prison)," a hardship as plaintiff's family lives in the Bay Area. (Id. at 12-13.)  In January 2013, plaintiff was transferred to Pelican Bay, where he remained for eleven months.  (Id. at 13-14.)  In November 2013, plaintiff learned that Rapoport was no longer employed by the California Department of Corrections.  (Id. at 14.)

B. Analysis

The amended complaint appears to state a cognizable claim under the Fourth Amendment Due Process Clause against Rapoport for involuntarily medicating plaintiff on September 24, 2012. See Washington v. Harper, 494 U.S. 210, 221-22 (1990) (holding that prisoners possess "a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment").  "[T]he Due Process Clause permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest."  Id. at 227.  Construing the pleading in plaintiff's favor, plaintiff has sufficiently alleged that these conditions did not exist when he was administered Haldol on September 24, 2012.

Plaintiff generally alleges he was subjected to Rapoport's involuntary medication order through November 28, 2012; however, he does not allege specific instances in which he was

1    treated with Haldol after September 24, 2012 or describe the circumstances under which such
2    treatment occurred.  However, plaintiff will have an opportunity to amend the complaint.
3         Plaintiff also claims that he was transferred to Pelican Bay in retaliation for "prevailing at
4    the disciplinary hearing and involuntary medication hearing." (ECF No. 10 at 12.)  To establish a
5    claim for retaliation, a prisoner must show that a prison official took some adverse action against
6    an inmate because of that prisoner's protected conduct, that the action chilled the inmate's
7    exercise of his constitutional rights, and the action did not advance a legitimate correctional goal.
8    Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005).  Rapoport was not responsible for
9    plaintiff's transfer; however, liberally construed, the complaint states a First Amendment claim
10   against Virga.  See Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985) (recognizing a First
11   Amendment right of prisoners to be free from prison transfers or reassignments made in
12   retaliation for protected activity).
13        As to defendants Paizis and Swartz, plaintiff has not sufficiently alleged any causal
14   connection with a constitutional injury. To state a § 1983 claim, a plaintiff must allege facts
15   showing each named defendant either exhibited some sort of "direct personal participation in the
16   deprivation" or "set[ ] in motion a series of acts by others which the actor [knew] or reasonably
17   should [have known] would cause others to inflict the constitutional injury." Johnson v. Duffy,
18   588 F.2d 740, 743-744 (9th Cir. 1978).  There must be an actual causal link between the actions
19   of the named defendants and the alleged constitutional deprivation.  See Monell v. Dep't of Soc.
20   Services, 436 U.S. 658, 691–92 (1978).  Thus these defendants will be dismissed with leave to
21   amend.
22   IV.  Leave to Amend
23        Plaintiff will be given 30 days from the date of service of this order to amend his
24   complaint to cure the deficiencies set forth above.  Plaintiff is not required to file an amended
25   complaint, but failure to do so will be construed as plaintiff's consent to dismiss all defendants
26   except Rapoport and Virga.
27        In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
28   make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. The Clerk of Court is directed to add defendant Tim V. Virga, Warden, to the docket of this action;

4. Plaintiff's claims against defendants Paizis and Swartz are dismissed with leave to amend;

5. If plaintiff elects to amend, any amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint";

6. If plaintiff elects to amend, the Second Amended Complaint shall be filed no more than thirty days from the date of this order; and

7. Upon the filing of an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

Dated:  August 15, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / owen0273.fac